UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

JONATHON SHARKEY,

        Petitioner,

v.

STEVE VON WALD,

        Respondent.

---

Civil No. 09-900 (PJS/SRN)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. The matter has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that this action be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I. BACKGROUND**

Petitioner is an inmate at the Olmsted County Adult Detention Center in Rochester, Minnesota. He alleges that on September 27, 2008, he was arrested at his home in Tracy City, Tennessee, pursuant to a warrant issued by the state district court for Olmsted County, Minnesota. (Petition, [Docket No. 1], p. 1, ¶ 1.) The warrant indicated that

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at *2; Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

Petitioner was to be apprehended for "failure to appear for his initial first appearance upon charges of felony harassment and coercion (2 counts)." (Id.) Sometime thereafter, Petitioner was removed, apparently by extradition, from Tennessee to Minnesota. (Id., p. 2, ¶s 2-6.) It appears that Petitioner is currently being held in Olmsted County, while awaiting trial on the Minnesota state criminal charges that led to his removal from Tennessee to Minnesota.

Petitioner has submitted a copy of a pro se motion that he apparently filed in his pending Olmsted County criminal case, which is entitled "Motion For Emergency Hearing To Dismiss Charges Due To Procedural Errors And Prosecution Misconduct." In that motion, Petitioner asked the state district court for Olmsted County to order his release from custody, because he allegedly was illegally removed from Tennessee to Minnesota.

Petitioner has also submitted a copy of an order that apparently was entered by the trial court in his Olmsted County criminal case. That order, which is dated April 6, 2009, indicates that Petitioner's "Motion for Emergency Hearing [etc]" is "denied as groundless." There is nothing to indicate that Petitioner has appealed that ruling, and given its recent vintage, it is evident that even if an appeal has been filed, the state appellate courts have not yet had an opportunity to consider the matter.

The trial court's recent order further indicates that Petitioner has requested a speedy trial in his state criminal case, and that a jury trial in that case is now set for May 20, 2009.

In the present habeas corpus petition, Petitioner claims that he "was denied his Constitutional Right of Legal Due Process in TN, because the State of MN acted improperly by removing him unlawfully before he had his day in court." (Id., p. 4.) Petitioner is seeking a writ of habeas corpus that would direct the named Respondent, the Sheriff for Olmsted

County, to release him from custody. However, Petitioner's habeas corpus petition cannot be entertained at this time, for the reasons discussed below.

## II. DISCUSSION

As a general rule, a federal court will not entertain a petition for a writ of habeas corpus filed by a person in state custody, unless that person has first exhausted all available state court remedies. 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Rose v. Lundy, 455 U.S. 509 (1982). This exhaustion of state remedies requirement is based on the principles of comity and federalism; its purpose is to ensure that state courts are given the first opportunity to correct alleged federal constitutional errors raised by individuals in state custody. O'Sullivan, 526 U.S. at 844; Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam); Rose v. Lundy, 455 U.S. at 518-19; Smittie v. Lockhart, 843 F.2d 295, 298 (8th Cir. 1988).

To satisfy the exhaustion of state remedies requirement, a state detainee must fairly present his federal constitutional claims to the highest available state court before seeking relief in federal court. See McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997) ("before we may reach the merits of a habeas petition, we must first determine whether the petitioner has fairly presented his federal constitutional claims to the state court"); O'Sullivan, 526 U.S. at 845 ("[b]ecause the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts,... state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process") (emphasis added).

The present case is different from most habeas corpus proceedings initiated by individuals in state custody, because Petitioner is not challenging a state criminal conviction or sentence, or any other final state court judgment. It is therefore doubtful that Petitioner is eligible for habeas corpus relief under 28 U.S.C. § 2254, which is the traditional federal remedy for an individual who is challenging his or her detention by state authorities. See Dickerson v. State of Louisiana, 816 F.2d 220, 224 (5th Cir.) (detainee's "petition under 28 U.S.C. § 2254 is improper because that section applies only to post-trial situations and affords relief to a petitioner 'in custody pursuant to the judgment of a state court'"), cert. denied, 484 U.S. 956 (1987); Hirsch v. Smitley, 66 F.Supp.2d 985, 986 (E.D.Wis. 1999) ("[s]ection 2254 applies only to collateral attacks on state court 'judgments' and therefore has no application in situations where the petitioner is awaiting trial on criminal charges").

However, a state detainee can sometimes seek federal habeas relief before the entry of a final state court judgment under 28 U.S.C. § 2241,[2] as Petitioner has attempted to do here. See Dickerson, 816 F.2d at 224 ("[p]re-trial petitions... are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending

---

[2] 28 U.S.C. § 2241(a) provides that –

"Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions...."

28 U.S.C. § 2241(c)(3) further provides that –

"The writ of habeas corpus shall not extend to a prisoner unless – ...
   (c) He is in custody in violation of the Constitution or
laws or treaties of the United States."

against him"); Hirsch, 66 F.Supp.2d at 986 ("[p]re-judgment habeas relief is available... under 28 U.S.C. § 2241"); Carden v. State of Montana, 626 F.2d 82, 83 (9th Cir.) ("district court had jurisdiction, under 28 U.S.C. § 2241, to issue [a] pretrial writ of habeas corpus"), cert. denied, 449 U.S. 1014 (1980); Woodard v. Plummer, No. C 98-0040 CRB (PR), (N.D.Cal. 1998), 1998 WL 30092 at *1 ("[a] pretrial detainee not yet convicted pursuant to a state court judgment may seek a writ of habeas corpus under 28 U.S.C. § 2241(c)(3)").

Although § 2241 does not include a statutory exhaustion requirement comparable to that found at § 2254(b), federal courts have consistently recognized that the principles of comity and federalism require state pre-trial detainees to present their constitutional claims in state court before seeking federal habeas corpus relief under § 2241. Dickerson, 816 F.2d at 225 ("Despite the absence of an exhaustion requirement in the statutory language of section 2241(c)(3), a body of case law has developed holding that although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner."); Moore v. DeYoung, 515 F.2d 437, 442 (3rd Cir. 1975) ("28 U.S.C. § 2241(c)(3), which empowers district courts to issue the writ before a judgment is rendered in a criminal proceeding, makes no reference to exhaustion. In this area, an exhaustion requirement has developed through decisional law, applying principles of federalism."); Neville v. Cavanagh, 611 F.2d 673, 675 (7th Cir. 1979) ("In the interests of comity between federal and state courts, the doctrine of exhaustion of state remedies has developed. It applies to pre-trial, as well as post-trial, habeas corpus petitions."), cert. denied, 446 U.S. 908 (1980); Hirsch, 66 F.Supp.2d at 986 ("'[w]hile not

5

explicitly required by § 2241(c)(3), the interests of comity have caused courts to apply the doctrine of exhaustion of state remedies to pretrial petitions'"), quoting Blanck v. Waukesha County, 48 F.Supp.2d 859, 860 (E.D.Wis. 1999); See also Davis v. Mueller, 643 F.2d 521, 525 (8th Cir.) (noting that the availability of federal habeas relief while state court proceedings are still pending is limited by the "'notion of comity'" and "the proper respect for state functions"), cert. denied, 454 U.S. 892 (1981).

Ordinarily, a state detainee must await the entry of a final state court judgment in order to satisfy the exhaustion of state remedies requirement and qualify for federal habeas corpus review. In Younger v. Harris, 401 U.S. 37 (1971), "the Supreme Court advanced the position that federal courts should refrain from interfering with pending state judicial proceedings absent extraordinary circumstances." Harmon v. City of Kansas City, 197 F.3d 321, 325 (8th Cir. 1999), cert. denied, 529 U.S. 1038 (2000). Our Court of Appeals has plainly stated that "'[a]bsent extraordinary circumstances, federal courts should not interfere with the states' pending judicial processes prior to trial and conviction, even though the prisoner claims he is being held in violation of the Constitution.'" Sacco v. Falke, 649 F.2d 634, 636 (8th Cir. 1981), quoting Wingo v. Ciccone, 507 F.2d 354, 357 (8th Cir. 1974). See also Carden, 626 F.2d at 83-84 (federal courts will not interfere in state criminal proceedings before they become final except in "unusual," "extraordinary" or "special" circumstances).

There are few reported cases in which courts have actually found the type of "extraordinary circumstances" that allow for federal interference with ongoing (non-final) state criminal proceedings. Most of those cases involve double jeopardy claims. See e.g., Satter v. Leapley, 977 F.2d 1259, 1261 (8th Cir. 1992) ("[a] claim that a state prosecution

will violate the Double Jeopardy Clause presents an exception to the general rule of Younger v. Harris," and "[i]t is thus well established that federal district courts can entertain pretrial habeas petitions in which petitioner asserts an impending state trial violates the Double Jeopardy Clause"), citing Mannes v. Gillespie, 967 F.2d 1310, 1312 (9th Cir.1992), cert. denied, 506 U.S. 1048 (1993), and Palmer v. Clarke, 961 F.2d 771, 774 (8th Cir.1992). In this case, however, Petitioner has not presented any Double Jeopardy claim.

Speedy trial claims may also be reviewable in a pre-trial federal habeas proceeding. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973). However, Plaintiff has not alleged that he is being deprived of his constitutional right to a speedy trial; and it appears that, in fact, his state criminal case is scheduled to go to trial within the next few weeks.

In Carden, the Ninth Circuit Court of Appeals opined that "[o]nly in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate." 626 F.2d at 84. The Court's use of the word "proven" suggests that a claim of "harassment" or "bad faith" would not warrant pre-judgment federal interference in a state criminal case, unless the claim were supported by a substantial and credible factual record. This Court has not located any reported case in which such a claim has actually been upheld. Here, Petitioner obviously believes that his extradition did not comport with all legal requirements, but he has not shown the type of extreme misconduct that could warrant federal interference in a pending state criminal case.

Furthermore, even where there are "extraordinary circumstances" warranting federal

habeas review before the entry of a final state court judgment, the petitioner still must show that he has pursued all available state court opportunities to obtain the relief he is seeking. Dickerson, 816 F.2d at 228 (petitioner's speedy trial issue could be reviewed in federal court before trial, "provided that the state courts have had an opportunity to rule on the issue"); Moore, 515 F.2d at 445-46 ("the cases in which the speedy trial claim has been raised in a pre-trial habeas context have granted the writ only after exhaustion on the merits in the state courts"); Finetti v. Harris, 609 F.2d 594, 597-98 (2nd Cir. 1979) (state pre-trial detainee challenging denial of bail could apply for federal habeas relief, but only after exhausting his state court remedies for seeking bail). See also Pehler v. Schoen, 537 F.2d 970, 972 (8th Cir.) (state prisoner's challenge to another state's parole violator detainer could not be entertained in federal court prior to exhaustion of state court remedies), cert. denied, 429 U.S. 984 (1976).

In sum, a state detainee can seek federal habeas corpus relief under 28 U.S.C. § 2241 before the entry of a final state court judgment against him. In most cases, however, the principles of comity and federalism will bar federal habeas review of state criminal proceedings until after judgment has been entered and the state appeal process has been completed. In "extraordinary circumstances," federal habeas review might be available before a final judgment has been entered, but even then, a pre-judgment application for federal habeas corpus relief will be entertained only if the petitioner has first given the state courts a full and fair opportunity to address his federal constitutional concerns.

Applying these principles here, it is readily apparent that Petitioner is not eligible for federal habeas corpus relief at this time. He has not shown the type of "extraordinary circumstances" that allow for an exception from the Younger rule, which generally bars

federal courts from interfering in pending state criminal cases. Furthermore, even if such circumstances could be found here, the present action still would be premature, because Petitioner has not yet given the state courts an adequate opportunity to consider the federal constitutional claims that he is attempting to raise. If Petitioner's federal constitutional claims are not resolved to his satisfaction during the present trial court proceedings, or by means of a state court appeal, he may be able to present those claims in a state habeas corpus petition brought under Minn.Stat. § 589.01 et seq.[3] Petitioner might also be able to seek relief in the state courts by means of a petition for a writ of mandamus. See State v. Hall, 266 Minn. 74, 74, (Minn. 1963) (treating detainee's pre-trial appeal "as a petition for a writ of mandamus directing the District Court of Hennepin County give the defendant an immediate trial or in the alternative to dismiss the proceedings"); but see also McIntosh v. Davis, 441 N.W.2d 115, 120 (Minn.1989), (speedy trial would not be compelled by a writ of mandamus, because the petitioners "could have waited until the 60-day limit passed and moved to have the charges dismissed for violation of their right to speedy trial").

---

[3] Minn.Stat. § 589.01 provides that:

"A person imprisoned or otherwise restrained of liberty, except persons committed or detained by virtue of the final judgment of a competent tribunal of civil or criminal jurisdiction, or by virtue of an execution issued upon the judgment, may apply for a writ of habeas corpus to obtain relief from imprisonment or restraint. For purposes of this section, an order of commitment for an alleged contempt or an order upon proceedings as for contempt to enforce the rights or remedies of a party is not a judgment, nor does attachment or other process issued upon these types of orders constitute an execution."

If Petitioner is denied relief under this statute at the state trial court level, he should be able to pursue an appeal to the Minnesota Court of Appeals, and ultimately the Minnesota Supreme Court. See Minn.Stat. § 589.29.

Thus, the Court concludes that Petitioner's current application for federal habeas corpus relief cannot be entertained at this time. His petition is premature, because he has not yet given the state courts – including the state appellate courts – a full and fair opportunity to consider all of his claims. The Court will therefore recommend that this action be summarily dismissed. However, it will be recommended that the case be dismissed without prejudice, so that Petitioner will be able to return to federal court, if necessary, after he has given the Minnesota state courts, including the state appellate courts, a complete opportunity to address all of his federal constitutional claims. See Stewart v. Martinez-Villareal, 523 U.S. 637, 644 (1998) (dismissal of first habeas petition without prejudice due to non-exhaustion does not preclude petitioner from filing a later post-exhaustion petition). Petitioner is reminded that any federal habeas corpus claims that he might seek to bring in the future will first have to be properly presented to, and decided by, the Minnesota Court of Appeals and the Minnesota Supreme Court. See O'Sullivan, 526 U.S. at 845 ("state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process").

## III.  RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for a writ of habeas corpus, (Docket No. 1), be DENIED; and

2. This action be DISMISSED WITHOUT PREJUDICE.

Dated:   April 24, 2009

   s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **May, 11, 2009** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.